The North River Bank *vs.* David Rogers & Samuel D. Rogers.

October, 1840.

A *power of attorney* authorizing the execution of *mortgages, bonds, warrants, bills, notes, &c.,* and generally to do all things whatsoever relating to the concerns and business of the constituent, confers authority upon the attorney to execute a *bond* and *warrant of attorney to confess judgment* for a *bona fide* debt owing by the constituent.

Whether this court have power to grant à *commission* to a person residing in a foreign place to take an affidavit, where an affidavit cannot be authenticated in such place in the form prescribed by the statute, *quere.*

This was a motion in behalf of David Rogers, to set aside a judgment entered as upon confession, in November, 1837. The motion was founded on the alleged want of authority. The counsel for David Rogers relied on his affidavit, which was taken before the Hon. Fitz Wilhelm Didrickson, judge and recorder of the town court of Christianstadt, in the island of St. Croix, in the dominions of the king of Denmark, on the 5th day of May, 1840. It purported to have been taken at Christianstadt, where the deponent then resided. In the *jurat* the officer styled himself judge and commissioner, and the affidavit was taken before him under a commission issued pursuant to a rule of this court made in April term, 1840, directed to him for the special purpose of authorizing the taking of the affidavit; it being alleged that there was no court in St. Croix having a seal, and, therefore, no power there to take the affidavit whithin the words of the 2 *R. S.* 317, 2d ed. § 33.

The affidavit denied authority in any one to confess the judgment; and also denied all knowledge or imformation that it had been entered, until April, 1839, and excused the delay in making the motion since that time.

It appeared that David Rogers was formerly a member of the firm of David Rogers and son, composed of the defendants, who carried on business in the city of New-York, and as such firm became largely indebted to the plaintiffs. That David Rogers had resided at St. Croix since 1833; his son Samuel continuing to reside in the city of New-York, from that time to the time of confessing the judgment.

During the latter part of that time he had acted under a warrant of attorney from David Rogers in settling the business of the firm, which had become much indebted to various persons, and on the 26th of December, 1836, the warrant of attorney to confess the judgment in question with a bond in the penalty of $200,000 was executed by Samuel D. Rogers in the name of himself and David Rogers. This was done without the actual knowledge of David Rogers at the time; but by a writing dated on the same, 26th December, signed and sealed by David Rogers, and his wife, it was recited as follows: " Whereas, I, the said David Rogers, heretofore executed in due form of law, and delivered unto my son, Samuel D. Rogers, of &c., a power of attorney, wherein and whereby I gave to my said attorney, full power and authority, for me and in my name and place, to do, perform and execute whatever in his judgment might appear most advisable, in relation to all my affairs and business; and more particularly to sell or mortgage all or any part of my real estate, wheresoever situated, and to sign, seal, execute and deliver any deed of conveyance, mortgage or other instrument or obligation relating thereto; and in my name to sign, seal and deliver any custom house bond or other *bond or obligation,* covenant, *warrant,* bill, note, check or other writings *whatsoever, and* generally to do all things whatsoever, relating to my concerns and business, as well those that were particularly specified in said power, as those that were not; and whereas the power so executed has been lost, &c., and I am desirous to confirm the same, and also all the acts and proceedings of my said attorney under it; therefore, be it known to all persons that I the said David Rogers do, by these presents, ratify the said power of attorney, &c., and fully approve of and confirm all and every act, matter and thing whatsoever done or to be hereafter done by my said attorney, under the power so executed to him as aforesaid." The confirmation then contained a clause authorizing Samuel D. Rogers to execute such conveyances as should cut off the contingent claim of Susan, the wife of David Rogers, to dower in such lands as Samuel D. Rogers should mortgage.

On the part of the plaintiffs, several depositions were

North River Bank v. Rogers.

read tending to shew that David Rogers must have been informed of the judgment and the warrant of attorney under which it was entered, as early as August, 1837, or at least as early as January, 1839; and that he had ratified the same.

*L. H. Sanford,* for the motion.

*J. Edwards,* contra.

*By the Court,* COWEN, J.   Without deciding the question whether this court had power to grant the commission, there seems to be a sufficient answer to this application on the merits.   The language of the power from David to Samuel D. Rogers is very broad ; and although a bond and warrant of attorney to confess judgment are not inserted in so many words at full length, they are, it appears to me, clearly comprehended within words nearly as specific.   The authority is, among other things, to execute any *bond, warrant* or *other writing,* in the name of David Rogers.   Even if these words were doubtful, they should be taken most strongly against the party who speaks by the power.   But they are not so.   They are arranged among various securities which Samuel D. Rogers was authorized to execute with a view to secure debts ; and it is difficult to conceive what was intended by the word *warrant* used in such a connection, unless it was *a warrant of attorney to confess judgment.*   Such a warrant is a very common security, and the only difference between that and the other instruments enumerated, was, that it might be a better, because a broader security than the bond and mortgage confessedly authorized by the power.

This motion seems to have been made mainly on the doctrine of *Rossiter* v. *Rossiter,* 8 *Wendell,* 494, that a general clause in a power of attorney shall not be regarded as enlarging the authority specifically delegated.   That doctrine does not apply.   Had the word *warrant* been omitted, or had it been clearly used in such connection as to confine its meaning to a *custom-house* instrument of that name, or to an instrument authorizing a distress for rent, as was supposed

by the defendant's counsel, there would have been great plausibility in saying that the words *other writings*, or the still more general words used in the power might come short of a warrant of attorney. But that is not so.

I think the judgment is sustainable on the words of the power; and, therefore, it is not necessary to decide whether the silence and the conduct of D. Rogers may be taken as full evidence of a ratification. There is perhaps enought in the case to warrant a jury in saying that there was a ratification; and I certainly would not so far disregard the evidence going to establish that, as to set aside this judgment without the verdict of a jury finding against the evidence. But the question raised on that evidence becomes immaterial in the view I take of the written power.

Motion denied, with costs.