Curia, per

Frost, J.
In 2 Kent Com. 630, 2d ed. it is affirmed “that an agent becomes personally liable when the principal is not known, or where there is no responsible principal, or where the agent becomes liable by an undertaking in his own name, or when he exceeds his power.” In Story on Ag.' this doctrine is said to “ rest on a plain principle of justice, for every person acting for another, by a natural, if not a necessary implication, holds himself out as having competent authority to do the act, and thereby draws the other party into his reciprocal engage nent.” It is contended, that under these authorities, the agent is only responsible in an action on the case ; and that an action cannot be maintained on the instrument, as if it were executed by the agent personally. But the cases cited refute such construction. In Ellis vs. Dusenbury, 3 Johns. Cases, 70, the note was signed “ for Peter Sharpe, Gabriel Dusenbury, Attorney,” and it was ruled that the defendant was bound, as if he had executed the note in his own name; and that the name of the person for whom he assumed to act, should be rejected as surplusage, *257 and that the party accepting the note und§r such mistake or imposition, should have the same remedy against the agent, as he would have had against the principal, if he had been really bound. In Rossiter vs. Rossiter, 8 Wend. 498, and White vs. Skinner, 13 J. R. 307, the same point was, ruled. The last case meets two objections made in the argument, for the defendant was charged in covenant, and the defence that the action should have been in case, was overruled.
In Ballou vs. Talbot, 16 Mass. R. 461, it was held that an agent without authority, signing a note in the name of another, was only liable in case. Polhill vs. Walter, 3 Barn, and Ad. 114, is the only English case which can be found directly on the question. It was an action on the case by an endorsee against the defendant for accepting by procu-ration a bill for the drawee, not having authority to do so. The 'circumstances precluded any imputation of fraud, and on the trial Lord Tenterden directed the jury to find a verdict for the defendant, with leave to niove to set it aside and enter the verdict for the plaintiff. The court of King’s Bench ordered judgment to be entered for the plaintiff, on the ground, "that the mere misrepresentation by the defendant, of his authority to make the acceptance for the drawee, made him liable to all by whom the bill might be taken on the faith of the acceptance, for' the injury sustained by the unauthorized act of the defendant. In the opinion of the court, delivered by Lord Tenterden, it is said an action could not have been maintained against the defendant, as acceptor.
The authority of the New York cases is sanctioned by judges Story and Kent, who incorporate the principles of those cases in the text of their treaties, and they seem most consistent with justice and the analogies of the law.
Whenever one undertakes to make a contract in the name of another, his signature should be held as a guaranty that he has authority to bind the principal. It is only just that one who pretends to give a security to another, by assuming to contract in the name of a person whom he has no authority to bind, should supply, out of *258 his own means, the security which he fails to impose on his principal.
The undertaking to bind another, without authority to do so, imports fraud or culpable negligence, and should fix on the guilty person responsibility for the injury that may result from his act. All the authorities agree, that the measure of damages must be the injury sustained, whether the action be in tort or on the contract, and the conflict of authorities is resolved into a question of the form of the action. An action on the instrument affords the most direct and just measure of compensation. If the contract be for the payment of money, in either form of action the damages must be the sum stipulated; and if the contract be-for the performance of any other act, compensation for the breach or neglect of the duty may as fairly be decided in the one form as the other
It is objected, that by holding the deed to be the deed of the agent, the intention apparent in the terms of the execution of it, that he should be a party only as agent, and his nominal principal bound to the stipulation of the instrument, is violated. The intention of the other and innocent contracting party is defeated, if he has not that security which the agent professed and undertook to give. In this alternative, the wrong-doer cannot complain that he should be substituted to that contract which he imposed on the other party, by undertaking to execute in the name of a principal whom he had no authority to obligate. Such substitution is only a fair and reasonable indemnity. It ' is enforced, in the case of a guardian contracting in the name of his ward — of an administrator contracting in his representative capacity — of a trustee for his cestuique trust — of an agent buying goods in the name of his principal, who exceeds his authority (19 Serg. and R. 212) on the principle that a contracting agent is bound, where there is no responsible principal to whom resort can be had. Story on Ag. 282. In all these cases, it is manifest that the parties held answerable never intended to make themselves liable, and may have received no consideration, and yet if is held they are bound. In Sumner vs. Williams and others, 8 Mass. R. 176, the administra *259 tors of an insolvent’s estate, under a license of the court to sell, by deed, conveyed an estate. In all the terms and covenants of the deed, the representative capacity in which the defendants contracted, was sedulously expressed. It is admitted ill the judgment of the court, that the grantors intended to guard against any personal liability, and that the grantees did not rest on any supposed liability of the grantors for their security, but both parties believed the estate of the intestate would alone be-affected by the covenants. To the arguments derived from these considerations, the reply of the court is, “you meant to secure us by these covenants; and as yon had no authority to do it in the form you contemplated, you are bound by your deed to do it yourselves.”
The motion is refused.
Richardson, O’Neall, Evans, and Butler, JJ. concurred.