### HODGE *vs.* COMBS.

.1. If one person constitutes another his "general and special agent to do and transact all manner of business," this does not necessarily authorize the agent to sell stocks or other property of the principal.

2. If the agent sells public stocks under such vague and indefinite authority, it is at least necessary for the purchaser, when his title comes in controversy, to show that he bought in good faith and paid a fair consideration.

Appeal from the Circuit Court of the United States for the District of Columbia.

Leslie Combs brought his bill in the Circuit Court against John L. Hodge, administrator of Andrew Hodge, deceased, William L. Hodge, and James Love, complaining that Love, having in his hands certain bonds of the Republic of Texas which belonged to the plaintiff, sold and transferred them for his own benefit, and without authority or consent of the plaintiff, and that he, the plaintiff, had since learned that they were in possession of and claimed by the other defendants. The bill prays that the defendants be restrained from receiving any money on the bonds, and that the bonds be surrendered to the plaintiff as the true owner, and for further relief.

. The answer denies all the main facts set forth in the bill, asserts that Love had authority to make the transfer, and that the plaintiff has no title or just claim to the bonds.

When the cause was first heard the Circuit Court dismissed the bill, but that decree was reversed by the Supreme Court on appeal, and the record remanded for a further hearing. 21 How., 397. Afterwards a decree was made below that the bonds be surrendered to the plaintiff. From this decree the present appeal was taken by the defendants. At the last hearing the evidence was the same as on the first, except the paper embodied in the opinion of Mr. Justice *Grier*, which was not produced until after the cause had been remanded.

*Mr. Reverdy Johnson,* of Maryland, for the appellants. The

power of attorney, dated the 13th February, 1840, takes the case out of the principle decided on the former appeal. It is a general power, and gave the attorney all the control over the bonds which the principal himself could have exercised.

*Mr. Bradley*, of Washington city, for the appellees. The instrument relied on is wholly insufficient to justify the tranfer of the plaintiff's stock. By the law of Texas it could be transferred only on the books of the stock commissioner. 1 Tenn. R., 334. A general authority like this is not sufficient for any special purpose. Paley on Agency, 2; 15 East., 408. If it were, it would authorize the attorney to sell all the property of his principal, or to apply for a divorce in the name of his principal if he had a wife living in Texas.

But even if the paper were sufficient, the defendants have failed to come within the requirements of the law in other respects. This court has decided that they must show the consideration paid to the attorney for the bonds; and they have not done so.

Mr. Justice GRIER. This case was before this court at December term, 1858, and may be found reported in 21 Howard, 397. It was then remanded to the Circuit Court, with directions to allow the parties to amend their pleadings, and take further testimony.

The important question of the case was, whether Love had any authority to transfer the Texas bonds of Combs, and whether Hodge, who claimed them, had given value for them.

This court, in remanding the case, there say: "It appears that the plaintiff did not direct the sale or transfer of the stock in question, and that they were not disposed of on his account; and if there had been a power of attorney containing an authority to sell, the circumstances would have imposed upon the defendant the necessity of showing there was no collusion with Love."

The defendants were thus required to establish two facts in order to support his defence: first, a sufficient power of at-

torney to Love to convey the stock; and, secondly, payment of a *bona fide* consideration by Hodge.

Of the latter of these he has given no evidence at all; and of the former, a paper which, as a power of attorney, may be construed to confer almost any or no power. It is brief and comprehensive, and is as follows:

"I, Leslie Combs, do hereby constitute and appoint James Love, of Texas, my general and special agent to do and transact all manner of business in which I may be interested there, hereby ratifying and confirming the acts of my agent as fully as if done by myself.

"Witness my hand and seal, the 13th day of February, 1840.
"LESLIE COMBS. [SEAL.]"

It is clear, from the correspondence between the parties to it, that Combs, by this agency to "transact all manner of business," never supposed that he had authorized his agent to sell his property, and apply the proceeds to his own use. Nor did the agent so construe it till it became necessary to find an excuse for his abuse of his trust.

On the first trial of this case the respondent did not produce this very vague and carelessly drawn instrument as his authority for selling the stock, but relied on a blank endorsement of the payee upon the bonds. No prudent man would accept a title to property executed by an attorney in fact, under a power in such very general and equivocal terms; a man may have "a general and special agency to transact all manner of business," without necessarily including therein a power to sell. If it had appeared that this paper had been presented to the treasurer of Texas as a power of attorney to Love to transfer the stock on the books, and if a transfer had been made on the faith of its sufficiency to Hodge, who had paid a valuable and full consideration, he would have presented a case which might have called for a liberal construction of this vague and indefinite instrument. But as none of these facts appear, we are not called upon to speculate on the possible construc-

tions this paper might be constrained to yield under other circumstances. It is sufficient to say, that, by the previous decision of this court, the defendant was permitted to amend his pleadings in order to prove two facts, both of which were necessary to constitute a good defence. The testimony to support one of them, to say the best of it, is doubtful, and the other is wholly without proof.

*Decree of the Circuit Court affirmed.*