By the Court. — McCunn, J.
This action is brought by plaintiff, as payee, against defendants, as drawees and acceptors, to recover the amount of a draft for one. thousand four hundred and. fifty-eight dollars and twenty-nine cents. In July, 1867, George H. Filley,K brother of plaintiff, died in Montana, leaving property there ; also leaving in Connecticut, respondent and others, his brothers and sister. In October, 1867, the plaintiff with such others made an open letter of at *341 torney to P. D. Barnhart, authorizing "him for them to have, demand and receive from any person or persons then holding, or who might thereafter hold any of the estate, money, property or effects, belonging to them or to.either of them, as heirs or heir at law of the late George H. Filley. This power authorized substitution. In May, 1868, Barnhart made a letter of substitution to Charles W. Johnson, in which he describes and “fully sets forth the business to be done” by Johnson. In September, 1868, plaintiff and others made another written instrument for the sole and exclusive protection of John B. Caldwell, administrator of the estate of George H. Filley. That instrument declared that if said Caldwell would pay to said Johnson, as the heirs’ attorney, the moneys and effects which have come to his hands as administrator belonging to the heirs of the estate of said George H. Filley, that they would release and discharge said Caldwell from all liability to them as heirs of said estate; and they authorized said Johnson as their attorney to demand and receive from said Caldwell, as such administrator, the moneys and effects of deceased. To this extent, and to this extent only, did they ratify the substitution of Johnson. On January 8, 1869, Johnson received for plaintiff the draft in dispute. On January 20, 1869, Johnson indorsed and sold said draft to Warren, Hussey & Co., through Joseph A. Thatcher, their agent." This Johnson had no right to do ; and Thatcher had no right to purchase it, because he, Thatcher, knew that Johnson was but a substitute under the letter of power, and that said letter of power limits the business to be done and performed by the attorney. March 31, 1869, defendants were informed that plaintiff claimed to be the rightful owner of said draft, and demand was made on the defendants that the draft or the amount thereof be paid. They refused, and this action is brought.
*342 The only question in the case is, Had Johnson authority from Filley the plaintiff, to indorse the draft ?— and the evidence of any such authority in respect to said draft must be found, if anywhere, in the letter of power to Barnhart. Written instruments authorizing a power must be strictly construed, and this authority not extended beyond that given in terms or beyond what is absolutely necessary for carrying the authority given in terms into effect (Story on Agency, § 68). How the authority in this case is shown by Exhibit Ho. 1.
It was to act for him concerning a particular object, namely, “to have, demand andreceive from any person or persons now holding or who may hereafter hold any of the estate, moneys, property or effects, belonging to plaintiff as heir at law of the late George I~L Filley.” Such was the power given to Barnhart, and the instrument' substituting Johnson does not or could not express or imply any greater or different authority (Story on Agency, 120).
Johnson acquired no authority from Barnhart; he acquired it through Barnhart. Hence' Johnson’s authority could not exceed the authority of him who conferred it. Barnhart’s authority was special, namely, as the attorney for the principals, in their names to demand and receive their parts and shares of the estate of the deceased Greorge H. Filley; and clearly Johnson had no authority not given to Barnhart. In no case can general language be construed as authority to indorse a draft or make a note or draw checks (Farmers’ & Mechanics’ Bank v. Butchers’ & Drovers’ Bank, 16 N. Y. 144).
Thatcher saw the power in this case, and as between one dealing with an attorney as such and the principal, the former is chargeable with knowledge of the legal effect of the authority ; because he is presumed to have been on his guard and to have seen the power. This is is almost elementary learning (Horth River Bank v. *343 Aymar, 3 Hill, 262, 276 ; Homer v. Tysen, Id. 279 ; Farmers’ & Mechanics’ Bank v. Butchers’ & Drovers’ Bank, 16 N. Y. 140, 144). Sale of Texasu bonds (Hodge v. Combs, 1 Black, 192, U. S. Court). Making a promissory note (Rossiter v. Rossiter, 8 Wend. 494). Accepting a bill of exchange (Hogg v. Smith, 1 Taunt. 347; Hay v. Goldsmith, Id. 349, 350 ; Murray v. East India Co., 5 B. & Ald. 204, 210, 211; Holtzinger v. Corn Exchange Bank, 1 Sweeney's S. C. 64). The Holtzinger case was argued in the court of appeals February 7, 1871, which court has affirmed the judgment of this court.
When defendants received said draft (February 2, 1869), and transferred the amount thereof from the credit of the drawees to the credit of Warren, Hussey & Co., the defendants accepted this draft and became liable to plaintiff.
Judgment affirmed, with costs.