SAMUEL CRAIGHEAD et al., Executors, etc., Appellants, *v.* ROBERT PETERSON, Respondent.

A formal instrument, delegating powers, is ordinarily subject to a strict interpretation, and the authority is not extended beyond that given in terms, or which is necessary to carry into effect that which is expressly given.

Defendant executed a power of attorney authorizing his son-in-law, P., " to draw and indorse any check or checks, promissory note or notes' on any bank in the city of New York," in which defendant had an account, " and to do any and all matters and things connected with " defendant's account in any such bank which he might or could do, etc. The words "promissory note or notes " were interlined. P. executed

. in the name of defendant, and delivered to plaintiff's testator two promissory notes payable at a bank where defendant had no account. In an action upon the notes, *held*, that the making of them was *ultra vires*, and defendant was not liable thereon.

Defendant, at the request of P., executed a mortgage which, by its terms, secured the payment of the notes, upon lands the nominal title to which taken was in him, but of which P. was the real owner, the title having been in defendant's name without his knowledge. Defendant supposed the mortgage was executed for the benefit of P., or of defendant's daughter. Defendant testified that he did not understand or know that the mortgage was given to secure notes of which he was the maker. The notes were not, in fact, given in his business or for his benefit, and it did not appear that he had ever received any benefit or advantage therefrom. *Held*, that the evidence authorized a finding that there was no ratification by defendant of the acts of P.; that to constitute a ratification under such circumstances there should be a deliberate and intentional act of the party sought to be charged, with full knowledge of all the circumstances.

(Argued January 18, 1878; decided January 29, 1878.)

Appeal from judgment of the General Term of the Supreme Court, in the second judicial department, affirming a judgment in favor of defendant entered upon a verdict, and affirming an order denying a motion for a new trial. (Reported below, 10 Hun, 596.)

This action was brought upon two promissory notes alleged to have been executed by defendant, which were made payable to the order of Samuel N. Pike, plaintiff's testator, at the Park National Bank. The notes were dated July 12, 1872. They were in fact executed by one Abiel R. Packard, a son-in-law of defendant, in the name of the latter, Packard claiming to act under the following power of attorney:

"Know all men by these presents, that I, Robert Peterson of the city, county and State of New York, have made, constituted and appointed, and by these presents do make, constitute and appoint Abiel R. Packard, of said city, my true and lawful attorney for me and in my name, place and stead to draw and indorse any check or checks, promissory note or notes, on any bank in the city of New York, in which I may have an account, and especially in the Irving

National Bank of said city, and to do any and all matters and things connected with my account in said Irving National or any other bank in said city, which I myself might or could do, in relation to my deposit account with said Irving National, or any other bank, giving and granting unto my said attorney full power and authority to do and perform all and every act and thing whatsoever, requisite and necessary to be done in and about the premises, as fully, to all intents and purposes, as I might or could do if personally present, with full power of substitution and revocation, hereby ratifying and confirming all that my said attorney or his substitute shall lawfully do or cause to be done by virtue hereof.

"In witness whereof, I have hereunto set my hand and seal the eighth day of October, in the year one thousand eight hundred and sixty-nine.

                    "ROBERT PETERSON, [L. S.]

    "Sealed and delivered in the presence of      ⎫
"The words "promissory note or notes" first interlined. ⎬
            "JNO. S. PATTERSON."                     ⎭

Defendant had no account at the Park National Bank. The court ruled on the trial that the power of attorney conferred no authority upon Mr. Packard to execute the notes — to which plaintiff's counsel duly excepted.

For the purpose of showing a ratification, plaintiff gave in evidence a mortgage executed by defendant to plaintiffs as executors, dated January 16, 1874, containing the following recital : "Whereas, the said Robert Peterson is justly indebted to the said parties of the second part, in the sum of two thousand dollars, with interest, lawful money of the United States, secured to be paid by his two certain promissory notes or obligation, bearing date the 12th day of July, 1872, lawful money as aforesaid, conditioned for the payment of the said first-mentioned sum of two thousand dollars with interest thereon, from the date thereof and now past due."

It appeared that the notes were not in fact executed in the business of defendant, and that he did not receive any of

the avails, or in any manner any benefit therefrom. The nominal title to the mortgaged property was in defendant, but Packard was the real owner, he having purchased and paid for it and taken title in defendant's name without his knowledge. Packard was in possession, receiving the rents and profits. The mortgage, as defendant's evidence tended to show, was executed at the request of Packard; defendant at first refused to execute it, but upon being advised that the title was in his name, and that it was for Packard's or his daughter's benefit, and was all right, he did so. The person who presented the mortgage to defendant for execution testified that he read the recital to him. Defendant testified that he did not understand or know that the mortgage was given to secure notes, of which he was the maker. Plaintiff's counsel requested the court to direct a verdict for the plaintiff, which was denied, and said counsel duly excepted.

*A. C. Franseoli*, for appellants. The court erred in holding that the powers of attorney did not authorize Mr. Packard to make the notes in suit, because they were made payable at a bank where defendant did not have an account. (*Jackson* v. *Topping*, 1 Wend., 388; *Jackson* v. *Blanshar*, 6 J. R., 34.) The only material parts of the mortgage were the recital of the indebtedness on the notes, and the covenant to pay them. (*Howard* v. *Duncan*, 3 Lans., 174; *Com'l Bank* v. *Warren*, 15 N. Y., 577; *Shiras* v. *Morris*, 8 Cow., 60; *Baird* v. *Gillett*, 47 N. Y., 186.) Defendant could not testify as to his intent in giving the mortgage. (*Griffin* v. *Marquart*, 21 N. Y., 121; *Forbes* v. *Waller*, 25 id., 430; *McKown* v. *Hunter*, 30 id., 625; *Kerrains* v. *People*, 60 id., 221; 15 id., 577; 8 Cow., 60.)

*W. H. Van Cott*, for respondent. The power of attorney did not confer upon Packard power to make the notes in suit. (*Kidd* v. *Peterson*, Com. Pleas. G. T., Jan. 4, 1876.) To make an unauthorized act of an agent binding on the principal, upon the ground of subsequent ratification, such

ratification must have been made with a full knowledge of the facts affecting his rights. (*Seymour* v. *Wyckoff*, 10 N. Y., 213; *Nixon* v. *Palmer*, 8 id., 398; *Com'l Bank* v. *Warren*, 15 id., 577, 579, 580.)

ALLEN, J.  The plaintiffs' testator, taking the notes in suit, made by an agent professing to represent the defendant as his principal, is presumed to have known the terms of the power under which the agent assumed to act.  He was bound to ascertain and know the character and extent of the agency, and the words of the instrument by which it was created, before giving credit to the agent.  If the testator dealt with the agent without learning the extent of the powers delegated to him, he did so at his peril, and must abide by the consequences, if the agent acted without or in excess of his authority.  (Story on Agency, § 72.)  If there was an ambiguity in the language of the power of attorney, there is no reason why in this case there should be a forced or unnatural interpretation of the instrument to save the testator or his representatives from loss.  The transaction was in the city of New York, where as well the supposed principal, as Mr. Pike, the plaintiffs' testator, and the professed agent resided, and if the power of attorney was ambiguous in its expression, or of doubtful interpretation, the defendant was accessible either to make the notes in person, or assent to and ratify the act of the agent.  There may be cases in which from necessity a party dealing with an agent must act upon his own interpretation of the authority, and take the risk of any doubtful or ambiguous phraseology. But not so here.  The record is barren of evidence as to the origin or consideration of the notes.  The powers conferred upon the agent were limited, and by the power of attorney as first drawn, Packard, the agent, was only authorized to draw and indorse checks on any bank in which the testator had an account, "and to do any and all matters and things connected with his (my) account in " such banks, which the principal might or could do.  The last and general words

only gave general powers to carry into effect the special purposes for which the power was given. (*Attwood* v. *Munnings*, 7 B. & C., 278; *Perry* v. *Holl*, 2 DeG. F. & J., 38; *Rossiter* v. *Rossiter*, 8 Wend., 494; Story on Agency, § 62.) The primary and special purpose of the power of attorney was to authorize Packard to draw checks in the business of the principal upon and against his accounts in bank, and to indorse checks probably for deposit to the credit of the same accounts. The insertion of the words " promissory note or notes," by an interlineation after " check or checks," and before " on any bank," etc., must be read with the limited and special purpose of the power as first prepared in view, and not as intending to give a more extended or general power. The making and indorsing of promissory notes, either for discount or payable at the principal's bank, was a natural adjunct of the authority given to draw and indorse checks, and thus deal with and in respect of the bank accounts of the testator. The dealings and business relations of the testator with the banks with whom he dealt, and his accounts with such banks was the subject of the agency, and the instrument creating the agency restricted the powers of the agent to the making and indorsing of commercial instruments having an immediate connection with the banks with which the principal had dealings, and which would properly enter into his accounts with them.

The act of making the notes in suit was *ultra vires*, and the defendant is not liable thereon. A formal instrument delegating powers is ordinarily subjected to strict interpretation, and the authority is not extended beyond that which is given in terms, or which is necessary to carry into effect that which is expressly given. They are not subject to that liberal interpretation which is given to less formal instruments, as letters of instruction, etc., in commercial transactions, which are interpreted most strongly against the writer, especially when they are susceptible of two interpretations, and the agent has acted in good faith upon one of such interpretations. (*Wood* v. *Goodridge*, 6 Cush., 117; *Attwood* v. *Mun-*

*nings*, *supra*; *Hubbard* v. *Elmer*, 7 Wend., 446; *Hodge* v. *Combs*, 1 Black, 192.)

The evidence of ratification and adoption of the acts of the agent by the giving the mortgages is very slight. The evidence is that the title to the property mortgaged was but nominally in the defendant, having been taken in his name without his knowledge, and as is to be inferred by Packard, the real owner, and this mortgage with another was executed at the request, and as was supposed by the defendant, for the benefit of Packard or his daughter, and upon transactions with which the defendant had no connection. The reading of the recital of the consideration by the gentleman who presented the mortgage to the defendant for execution at the request of Packard, cannot be said to have given him an intelligent appreciation of the fact recited, or the effect it would have upon the legal liability of the defendant, who testified that he did not understand or know that the mortgage was given to secure notes of which he was the maker. The evidence is very decided that the notes were not given in the business of the defendant or for his benefit, and he has never received any benefit, or derived any advantage from them so far as appears. A ratification under such circumstances should be the deliberate and intentional act of the party sought to be charged with full knowledge of all the circumstances. (Story on Agency, § 239.) The jury have found upon satisfactory evidence that there has been no adoption of these notes, or ratification of Packard's acts by the defendant.

There was no error in the admission of evidence. All the testimony offered and given by the defendant was in respect to the *res gestæ*, and the transactions given in evidence by the plaintiffs, and to disprove any connection with the making of the notes, or the consideration upon and for which they were made, and the relation in which he stood to the property mortgaged, and was all competent, bearing more or less directly upon the question of agency and the alleged ratification of the acts of the agent.

The question to the defendant as to his intent to ratify the giving the notes, was not the most appropriate interrogatory to draw out the evidence sought.   The intent of the act was immaterial, if the defendant had deliberately and understandingly executed a deed reciting the notes as made by him and covenanting to pay them.   The legal effect of such an instrument would not be evaded by the want of an actual intent to confirm the acts of the agent by whom the notes were made.   The answer of the witness only went to the fact, that he did not deliberately and understandingly execute the mortgage as one given to secure these two notes as his notes past due.

There was no error upon the trial, and the judgment must be affirmed.

All concur, except ANDREWS and EARL, JJ., not voting.
Judgment affirmed.