## WOERMAN *v.* BAAS *et al.*

*(Supreme Court, General Term, Second Department.* December 10, 1890.)

POWERS OF ATTORNEY—AUTHORITY TO SUE.

> By a power of attorney, an incorporated benevolent society, authorized to accept such a trust, was constituted by certain devisees their attorney "to ask, demand and receive * * * all the estate, interest, legacy, or claim to which we are entitled as heirs at law, next of kin, or legatees of said deceased," with the usual full power to do whatever the grantors might do if personally present and with full power of substitution. *Held,* that the society had power to authorize the bringing of an action on behalf of one of the devisees for partition of the lands devised.

Appeal from special term, Kings county.

Action by Joseph Woerman, one of the devisees under the will of William Bouthrop, deceased, against Berend Baas, executor of said will, and others, co-devisees with plaintiff for partition. A motion by defendant Berend Baas that plaintiff's attorney be required to produce evidence of his authority to bring the action, and that, on his failure to do so, the action be dismissed, was denied. From the order denying the motion, said defendant Baas appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Benjamin G. Hitchings,* for appellant. *Frederick W. Holls,* for plaintiff, respondent. *Richard M. Bruno,* for co-defendants, respondents.

BARNARD, P. J. This is an action for the partition of lands. The defendant Baas is the executor of the will of William Bouthrop, and the plaintiff and other defendants are devisees of the lands in question under his will. The defendant Baas makes this motion to set aside the proceedings for want of power of the plaintiff·to institute the action. The papers show that the devisees, by a written power of attorney, authorized the German Society of the City of New York, "our true and lawful attorney in our place and stead to ask, demand, and receive" "all the estate, legacy, interest, or claim to which we are entitled as heirs at law, next of kin, or legatees of said deceased, giving and granting unto our said attorney full power and authority to do and perform all and every act and thing whatsoever requisite to be done in and about the premises as fully to all intents and purposes as we severally might or could do· if personally present with full power of substitution." The German Society is a benevolent society, recognized by Germany, and incorporated in New York by an act of the legislature. This company, in addition to other duties as to emigrants, undertakes to collect legacies, estates, and debts for residents of the German empire. The plaintiff's attorney was employed by this German Society. The provision is sufficient. The society can demand and receive the estate as fully as the heirs could if present, and an attorney may be substituted for the purpose by the express words of the power. While general words do not enlarge the special grant of power, the whole instrument must be read together if thereby the words of the grant of power are made clear. The entire instrument read together gives a general power to settle up the estate of William Bouthrop, and to demand and receive the shares of the principals in the power. While the power is special, and

confined to this estate, it is general and full in respect to it. Such a power is to be liberally construed, and to include the subject of the agency. *Craighead* v. *Peterson*, 72 N. Y. 279. The order should be affirmed, with costs and disbursements.