JAMES F. WHITE AND OTHERS *v.* DANIEL M. SWEENY AND OTHERS.

The indorsement of plaintiffs to certain checks payable to their order, and belonging to them, was forged, and upon such forged indorsement the checks were, in good faith, cashed by A., who, for value, indorsed them to B., who deposited them in his bank C., which collected them, and credited B. with the proceeds. *Held*, that plaintiffs might sue A., B. and C. for a joint conversion of the checks, without making a demand.

. A return of the paid and canceled checks to the plaintiffs, after suit brought, will not constitute a defense to the action.

The plaintiffs' ownership of the checks in such an action, may be shown by the fact of the checks being made payable to their order, and by proof of the transactions in which the checks were given.

APPEAL by defendants from a judgment entered on the verdict of a jury, at trial term, under the direction of a judge.

Action by plaintiffs (composing the firm of James F. White & Co.) against Daniel M. Sweeny, John B. Frink and the National Park Bank, for the conversion of two checks payable to, and the property of, the plaintiffs.

The facts are stated in the opinion.

*R. S. Guernsey*, for Frink & Sweeny, appellants.

*Barlow & Hyatt*, for National Park Bank, appellant.

*C. W. Bangs*, for respondents.

BY THE COURT.*—ROBINSON, J.—The answers of the defendants Frink and Sweeny, each alleged that the several checks, payable to the order of the plaintiffs, for the conversion of which this action was brought, were " duly indorsed by the payees therein."

The plaintiffs' title to the checks was shown not only by their being obligations payable to them, but also by proof of

---

* Present, DALY, Ch. J., ROBINSON and LARREMORE, JJ.

the transactions in which they were given. The evidence that their indorsement was forged, stands uncontradicted, and there was no evidence offered from which it could be presumed that they had ever consented to any transfer of the checks. Upon such forged indorsements the defendant Frink, in good faith, cashed the checks and passed them to the defendant Sweeny, for full value and in good faith. Mr. Sweeny deposited them with the defendants The National Park Bank, and received credit on account for them. The bank admits the checks were in its possession at the time of the alleged conversion, and at the commencement of the action, and by the answer claim they were "*their property.*"

It appeared on the trial that these checks had been presented to the banks on which they were drawn (one on The Continental and the other on the Importers' and Traders' Bank); that they were paid upon the forged indorsements of the plaintiffs and charged to the respective accounts of the drawers. The right of the plaintiffs to maintain an action for the conversion of their property in these checks is well established by the case of *Talbot* v. *Bank of Rochester* (1 Hill, 295), as is also the right to join the successive transferees in one action by the case of *Nichols* v. *Michael* (23 N. Y. 264). See also *White* v. *The Mechanics' National Bank, post*, p. 225. No demand was necessary as to either defendant. Frink and Sweeny had transferred the checks, and The Park Bank had collected them. Besides they severally put the plaintiffs' title in issue. They each assumed and exercised the right of an owner, and claim to have held the checks in their own right. In bringing this action, the plaintiffs do not, until satisfaction of their claim, confirm or assent to the acts or title of any wrong doer, except that they probably affirm the payments made by the banks on which the checks were drawn and their absolute conversion by means of payments made by the drawees.

In recognizing the agency, they do not impair their remedy against the agents, through whom a wrong had been effected.

Under these views, the mere return to plaintiffs of these paid and canceled checks, after suit brought, the extinguishment of which as a subsisting liability was recognized by the

suit for their conversion, constitutes no defense to the parties through whom the wrong has been consummated. No issue of fact for determination by the jury being presented, the verdict for plaintiffs was properly ordered in their favor.

Judgment affirmed.