FANNIE M. ROBINSON et al., Trustees, etc., Respondents, *v.* THE CHEMICAL NATIONAL BANK, Appellant.

C. and B. were the trustees of an estate, B. being the acting trustee and having the exclusive management; he employed L. as his clerk and agent for the collection of rent. Acting as such agent, L. received a check for rent due the estate, payable to the order of B.; this L. indorsed payable to his own order, signing the name of B., per himself as attorney, and then indorsed it " for deposit " with defendant, signing his own name. He deposited the check with defendant, who collected it and placed it to the credit of L., and the latter subsequently checked out the same for his own use. In an action for a conversion of the check, *held*, that L. had no authority to indorse or use the check or its proceeds, and defendant, as against B. or the trustees, was not authorized to collect and appropriate the proceeds, and was therefore liable.

Also *held*, that plaintiffs, who were the successors of C. and B., had sufficient title to maintain the action.

. (Argued October 6, 1881; decided October 11, 1881.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made July 1, 1880, which affirmed a judgment in favor of plaintiffs, entered upon the report of a referee.

This action was brought by plaintiffs, as trustees under the will of Margaret Douglass, deceased, for the alleged conversion of a check.

The material facts are stated in the opinion.

*Charles Jones* for appellant. The plaintiffs had not the legal title or the right to the possession of the check in question. (1 Chitty's Pl. 170 ; *Sheldon* v. *Soper*, 14 Johns. 352 ; *Fulton* v. *Fulton*, 48 Barb. 581 ; Chitty on Bills, 202, 227, marg.; Stephens' Nisi Prius, 848, marg. ; 2 Pars. on Notes and Bills, 4, 451.) When an agent empowered to collect a bill receives a part and delivers a receipt in full, and the principal, with knowledge of the facts, receives the sum paid to the agent, this is a ratification of the compromise, and he cannot afterward sue for the balance. (*Palmerston* v. *Huxford*, 4 Den. 166 ; *Gage* v. *Sherman*, 2 N. Y. 467 ; *Cairns* v. *Bleecker*, 12 Johns. 300 ; *Bridenbecker* v. *Lowell*, 32 Barb. 9, 18, 19 ; *Farmers' Loan and Trust Co.* v. *Walworth*, 1 N. Y. 433 ; *Com. Bk. of Buffalo* v. *Warren*, 15 id. 577.)

*Flamen B. Candler* for respondents. The plaintiffs were entitled to judgment upon the facts found by the referee in his report. (*Johnson* v. *First Nat. Bk. of Hoboken*, 6 Hun, 124 ; *Talbot* v. *Bk. of Rochester*, 1 Hill, 295 ; *Boyce* v. *Brockaway*, 31 N. Y. 490 ; *Holtsinger* v. *Nat. Corn Exch. Bk.*, 6 Abb. [N. S.] 292 ; *Weisser* v. *Dennison*, 10 N. Y. 68 ; *Craighead* v. *Peterson*, 72 id. 279 ; *Frank* v. *Chemical Nat. Bk.*, 12 N. Y. Weekly Dig. 23 ; Ct. of App., March 1, 1881 ; *Thomson* v. *Bk. of N. A.*, 82 N. Y. 10.) The burden of proof was upon the defendant to show that Leonard had authority to indorse the check (*Pollock* v. *The Nat. Bk.*, 3 Seld. 274 ; *Graham* v. *U. S. S'ngs Inst.*, 46 Mo. 186 ; *Prescot* v. *Flin*, 9 Bing. 19 ; *Paige* v. *Stone*, 10 Metc. 160 ; *Terry* v. *Fargo*, 10 Johns. 119 ; *Valentine* v. *Packer*, 5 Penn. St. 333.) The indorsement upon the check was *prima facie* suspicious, and the defendant was put upon inquiry. (*Lawrence* v. *Gebhart*, 41 Barb. 575 ; 1 Pars. on Cont. 62 ; *Paige* v. *Stone*, 10 Metc. 60 ; *Holtsinger* v. *Nat. Corn Exch. Bk.*, 6 Abb. Pr.

[N. S.] 292; *North River Bk.* v. *Aymer,* 3 Hill, 262.) Any unlawful exercise of control over the property of another is in law a conversion. (*Johnson* v. *First Nat. Bk. of Hoboken,* 6 Hun, 124, 127; *Talbot* v. *Bk. of Rochester,* 1 Hill, 295; *Boyce* v. *Brockway,* 31 N. Y. 493; *Cobb* v. *Dowes,* 9 Barb. 242; *Hall* v. *Robinson,* 2 N. Y. 295; *Talbot* v. *Bk. of Rochester,* 1 Hill, 296.)

Earl, J. We have carefully read the evidence in this case, and we cannot say that any of the findings of facts by the referee are wholly unsupported by it. His findings were reviewed at the General Term, and were there sustained, and they therefore conclude us. The following facts must therefore be taken as conclusively established. In and prior to 1869, Harriet Douglass Cruger and Thomas M. Beare were the trustees under the last will and testament of Margaret Douglass, deceased, and as such had the charge and control of the building No. 7 Pine street in the city of New York, and also of other property. In 1868 they rented that building to Muller, Wilkins & Co., and on the 1st day of November, 1869, there was due from them to the trustees, their lessors, for rent the sum of $3,250. Beare was the acting trustee, having the exclusive management of the trust estate. He employed as his clerk and agent for the collection of rents and for other matters one H. K. Leonard. On the 16th day of November, 1869, Leonard, acting as such agent, called upon Muller, Wilkins & Co. for the rent and they gave him a check for the amount, then overdue, on the Manhattan Company, payable to the order of Thomas M. Beare. Leonard indorsed the check as follows: "Pay to the order H. K. Leonard, Thomas M. Beare per H. K. Leonard, attorney for deposit, Chemical National Bank. H. K. Leonard." And on the 24th day of November he deposited the check in the Chemical National Bank, and it certified thereon that the indorsement was correct, and collected the amount thereof of the Manhattan Company and placed it to the individual credit of Leonard, who subsequently checked out the same for his own use. Beare died on the same 24th day of November. Leon-

ard had no authority to indorse or use the check or its proceeds, and the bank had no right or authority as against Beare or the trustees to take, collect and appropriate the proceeds of the check.

The authority which Leonard had as agent to collect the rent and transact other business for Beare gave him no legal authority to indorse this check, and his indorsement thereof was just as ineffectual to pass any title as if he had forged Beare's name. (1 Parsons on Contracts [6th ed.], 62 ; *Hogg* v. *Snaith*, 1 Taunt. 347 ; *Graham* v. *United States Savings Institution*, 46 Mo. 186 ; *Holtsinger* v. *The National Corn Exchange Bank*, 6 Abb. Pr. [N. S.] 292 ; *Thomson* v. *Bank of British N. A.*, 82 N. Y. 1–10.) The rule as derived from these authorities is well expressed by Prof. Parsons, as follows : "An agent's acts in making or transferring negotiable paper (especially if by indorsement) are much restrained. It seems that they can be authorized only by express and direct authority, or by some express power which necessarily implies these acts, because the power cannot be executed without them."

Although this check was made payable to the order of Beare it in fact belonged to the trustees. Beare, in taking it, acted for the trustees and not in his own right. The moment it was taken it became a part of the trust estate. The drawers thereof, if charged upon non-payment of the check, by proper demand and notice could have been sued thereon in the name of both trustees. These plaintiffs, therefore, the successors of Mrs. Cruger and of Beare, have sufficient title for the maintenance of this action. That an action for conversion will lie in such a case has never been doubted. (*Talbot* v. *Bank of Rochester*, 1 Hill, 295 ; *Johnson* v. *First National Bank of Hoboken*, 6 Hun, 124 ; *Boyce* v. *Brockway*, 31 N. Y. 490.)

The able opinion pronounced at the General Term makes a more exhaustive consideration of this case at this time unnecessary.

The judgment should be affirmed.

All concur, except FINCH, J., not voting.

Judgment affirmed.