(28 Misc. Rep. 324.)

### SALOMON et al. v. STATE BANK.

(Supreme Court, Trial Term, New York County. May, 1899.)

TROVER AND CONVERSION—COLLECTION OF STOLEN CHECKS BY BANK.

Twenty-four small checks payable to plaintiff's order were stolen, plaintiff's name forged thereon, and negotiated to a party who deposited them in a bank, which collected them and paid the proceeds to the depositor. *Held*, that plaintiff could recover of the bank the amount of the checks in an action for conversion.

Action by Sigmond Salomon and another against the State Bank for conversion of checks. Judgment ordered for plaintiffs.

Mandelbaum Bros., for plaintiffs.
Herman Joseph, for defendant.

CHASE, J. The plaintiffs are manufacturers, and in the usual course of business receive checks from their customers. Twenty-four small checks, each payable to plaintiffs' order, received by plaintiffs in the usual course of business, were stolen from the plaintiffs by one Wolfe, who forged plaintiffs' name on each of said checks, and fraudulently and feloniously negotiated the same. Said checks came into the hands of the defendant through a depositor. The defendant collected the checks and paid the proceeds to the person who deposited them. This action is brought for the conversion of said checks, and to recover as damages the amount so collected on said checks. On the trial the plaintiffs had the checks in court as evidence, but not otherwise. They do not own the checks, and do not offer to deliver the checks to the defendant. This is an action in tort. The rules relating to principal and surety, exoneration and subrogation, applicable to actions on negotiable instruments, are not applicable to an action for conversion. A person or corporation who converts a promissory note or check to his or its own use is liable in damages for the conversion in an amount equal to the amount due on the promissory note or check. Johnson v. Bank, 6 Hun, 124; 26 Am. & Eng. Enc. Law, p. 768; Robinson v. Bank, 86 N. Y. 404; People v. Bank of North America, 75 N. Y. 547; Laue v. Nuffer (City Ct. N. Y.) 5 N. Y. Supp. 421; Talbot v. Bank, 1 Hill, 295; White v. Sweeny, 4 Daly, 223; Hynes v. Patterson, 95 N. Y. 1. This action is

in no sense an action on contract. Undoubtedly the plaintiffs had a right to sue the makers of the checks, respectively; but they have elected to avoid the burden of bringing 24 suits against the drawers of the checks, respectively, all but one of which suits would be against nonresidents of this state, and they have sued the defendant, and seek to recover as damages the amount of all the checks in one action. A person whose property has been wrongfully converted is not bound to take the same back. He may abandon it from the moment of its conversion, and sue for its value. People v. Bank of North America, 75 N. Y. 564. The checks mentioned in the complaint in this action were in fact paid and canceled by the makers, and the plaintiffs, by bringing this suit against the defendant for conversion, ratify and affirm the payment of the checks on the part of the makers thereof, respectively. White v. Sweeny, 4 Daly, 223; 26 Am. & Eng. Enc. Law, p. 799. The defendant, by its wrongful act, has put the checks out of the possession and control of the plaintiffs. There is no danger of the defendant being liable at the suit of any other person on these checks. The checks have been paid and canceled, and the payments affirmed by the true owners of the checks. The only value of the checks at this time is as evidence. Defendant can obtain them for such purpose in the ordinary way provided for obtaining evidence. The plaintiffs are entitled to judgment for the amount demanded in the complaint, with costs, and an extra allowance of 5 per cent.; and a decision, order, and judgment can be prepared accordingly, and, if not agreed upon by the attorneys for the respective parties herein, the same may be settled before me at any time at my chambers on two days' notice.