JULIA W. PORGES, Appellant, *v.* UNITED STATES
MORTGAGE AND TRUST COMPANY, Respondent.

Practice — appeal — when defendant, by introducing evidence,
waives exception to refusal of trial court to dismiss complaint
— on appeal from judgment, without motion for new trial,
appellate courts are limited to review of questions of law
raised by exceptions taken at the trial — principal and agent —
construction of power of attorney — when indorsement of check
by agent constitutes forgery.

1. A defendant, by introducing evidence on the defense, waives
an exception to the refusal of the court to dismiss the complaint at
the close of plaintiff's evidence in chief.

2. Where the defendant did not move for a new trial, but
appealed from the judgment rendered upon a verdict, both the
Appellate Division and the Court of Appeals are limited to an
examination of errors of law raised and pointed out by exceptions
taken by the defendant during the trial.

3. A motion by defendant to dismiss the complaint at the close
of the entire evidence upon the grounds "that no cause of action
has been proven" may be treated as a motion for a nonsuit, and
exception taken by defendant to a denial of the motion raises the
question whether, admitting all the facts presented and giving to
the plaintiff the advantage of every inference that could properly
be drawn from them, there is any evidence to support the plaintiff's
cause of action.

4. The extent to which a principal shall authorize his agent is
completely within his determination, and a party dealing with the
agent must ascertain the scope and reach of the powers delegated
to him and must abide by the consequences if he transcends them.
A power of attorney, like any other contract, is to be construed
according to the natural meaning of the words in view of the pur-

# 182    PORGES v. U. S. MORTGAGE & TRUST CO.

pose of the agency and the needs to its fulfillment. The authority within it under such construction is not to be broadened or extended.

5. The holder of a power of attorney from plaintiff indorsed a check payable to her order and converted the proceeds to his own use by depositing it with the defendant which collected the check and placed the amount thereof to his credit. *Held*, upon examination of the power of attorney, that it did not authorize the holder to indorse the check for his own benefit and that plaintiff is entitled to recover from defendant the amount of the check and interest, less a sum found by the jury as damages to defendant by reason of the failure of plaintiff to exercise due diligence in notifying defendant of the alleged forgery.

*Porges* v. *U. S. Mortgage & Trust Co.*, 135 App. Div. 484, reversed.

(Argued May 15, 1911; decided October 17, 1911.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered December 30, 1909, reversing a judgment in favor of plaintiff entered upon a verdict directed by the court and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Henry Amerman* and *Thomas H. McKee* for appellant. Hoyt had no express or implied power to indorse checks. The power of attorney conferred broad authority in disposing of Mrs. Porges' property, but nowhere is authority to indorse commercial paper hinted. (1 Clark & Skyles on Agency, § 268; *Jackson Paper Mfg. Co.* v. *Com. Nat. Bank*, 199 Ill. 151; 1 Parsons on Cont. [6th ed.] 82; Meachem on Agency, § 398; 1 Daniels on Neg. Inst. [4th ed.] § 292; *Doubleday* v. *Kress*, 50 N. Y. 410; *Smith* v. *Association*, 12 Daly, 304; *Atkinson* v. *Manufacturing Co.*, 24 Me. 176; *Smith* v. *Gibson*, 6 Blackf. 370; *R. E. & P. Co.* v. *Lincoln Nat. Bank*, 82 Hun, 8; *New York Iron Mine* v. *First Nat. Bank*, 39 Mich. 644; *Vanbibber* v. *Bank*, 14 La. Ann. 486; *Graham* v. *Institution*, 46 Mo. 186; *Jackson* v. *Bank*, 92 Tenn. 154; *Lawrence* v. *Gebhardt*, 41 Barb. 575.) The defendant can rely only

upon express and implied power as distinguished from apparent power, because the agency was undisclosed. Defendant dealt with Hoyt as a principal and did not rely upon his authority as agent. (*Blass* v. *Perry,* 156 N. Y. 122.) The power of attorney given to Hoyt was a broad, special power, and must be strictly construed. (*Rossiter* v. *Rossiter,* 8 Wend. 494; *Henry* v. *Lane,* 128 Fed. Rep. 243; *Hall* v. *Hartford.* 50 Misc. Rep. 133; *Martin* v. *Farnsworth,* 49 N. Y. 555.)

*Charles H. Tuttle* and *Harold Harper* for respondent. If Hoyt had the power to convert the check into cash, this action for its conversion must fail. The bank cannot be held responsible in this action for any use, wrongful or otherwise, which he may have made of its proceeds. (*G. C. B. & L. Assn.* v. *Nat. Bank,* 126 Mo. 82; *Oddie* v. *Nat. City Bank,* 45 N. Y. 735; *Con. Nat. Bank* v. *First Nat. Bank,* 129 App. Div. 538; *Nat. Bank* v. *Burkhardt,* 100 U. S. 686; *St. Louis, etc., Ry. Co.* v. *Johnston,* 133 U. S. 566.) The power of attorney, both expressly and impliedly, authorized Hoyt to procure cash for any check received as an incident of the exchange, and for this purpose to transfer the check by appropriate indorsement. (*Carson* v. *Smith,* 5 Minn. 58; *G. C. B. & L. Assn.* v. *Nat. Bank,* 126 Mo. 82; *Gould* v. *Bowen,* 26 Iowa, 77; *Nat. Bank* v. *O. T. Bank,* 112 Fed. Rep. 726; *Dollfus* v. *Frosch,* 1 Denio, 367; *Comm.* v. *Walker,* 6 How. [Miss.] 143; *Morris* v. *Hofferberth,* 81 App. Div. 512.) Even if the power to sell the check or indorse it for transfer had not been expressly given or included in broader powers expressly given, such power would have been implied as a necessary incident of powers expressly conferred. Where an entire business is placed under the management of an agent, the power to make or indorse negotiable paper is implied whenever proper for the effectuation of the agency. (*C. S. C. Co.* v. *Brinson,* 128 Ga. 487; *Nelson* v. *H. R. R. R. Co.,* 48 N. Y. 498;

*Morris* v. *Hofferberth,* 81 App. Div. 512; 180 N. Y. 545; *B. & L. Assn.* v. *Nat. Bank,* 126 Mo. 82; *Auldjo* v. *McDougall,* 3 U. C. [Q. B.] 199; *Whitten* v. *Bank of Fincastle,* 100 Va. 546; *Gould* v. *Bowen,* 26 Iowa, 77; *Charles* v. *Blackwell,* 46 L. J. [N. S.] 368; *Graton* v. *K. Mfg. Co.,* 28 Wash. 370.)

COLLIN, J.   On May 14, 1907, Adelbert E. Hoyt had in his possession a certified check, dated May 10, 1907, drawn on the Chatham National Bank by J. L. Van Sant to the order of himself and by him indorsed: "Pay to the order of Julia W. Porges.   J. L. Van Sant."   Hoyt on that date indorsed it thus: "Pay to the order of A. E. Hoyt.   Julia W. Porges," and thereunder: "A. E. Hoyt," and deposited it to his account with the defendant, which placed the amount thereof to his credit and collected the check from the Chatham National Bank. This plaintiff, alleging that she was the owner and entitled to the possession of the check, and that defendant converted it to its own use, seeks in this action to recover the resulting damages.

At the close of plaintiff's evidence in chief the defendant's counsel moved upon specified grounds to dismiss the complaint and excepted to the denial of the motion.   At the close of the entire evidence he renewed the motion with the grounds, stating in reply to the inquiry of the trial judge that the motion was not for a direction of a verdict and took an exception to its denial.   He then asked to go to the jury on the question of the laches of the plaintiff in notifying the defendant of the alleged forgery of her indorsement of the check, which request the court granted.   He asked the court to submit to the jury the question as to whether a power of attorney from the plaintiff to Hoyt, which was in evidence, gave him power to make the indorsement.   This the court refused and the defendant excepted to the ruling.   The plaintiff's counsel asked the court to direct a verdict for the plain-

tiff for the amount demanded in the complaint, to wit, $4,000 and interest thereon from May 14, 1907. The court denied such request. Two questions were submitted to the jury. "*First.* Did the plaintiff, or her representative, Mr. Amerman, after she or her said representative had discovered the alleged forgery, exercise due diligence in notifying the defendant of the fact that she claimed that the indorsement of her name on the check in suit had been forged. *Second.* If, in answer to the preceding question, the jury finds that the plaintiff or her representative failed to exercise due diligence in notifying the defendant of the alleged forgery, then, did such delay damage the defendant in any amount, and, if so, in what amount?" The jury answered the first question "No;" the second question "$500," and the court thereupon said: "Now, gentlemen of the jury, by direction of the court, you will find a verdict in favor of the plaintiff for the sum of $3,860." To this direction the defendant did not take an exception. In accordance therewith the jury rendered the verdict, which was for the principal of the check and interest, minus the $500 the damage to the defendant, as found by the jury, because of the plaintiff's delay in notifying defendant of the alleged forgery. The defendant did not move for a new trial, but appealed to the Appellate Division from the judgment rendered upon the verdict. The Appellate Division, in reaching its determination, was limited to an examination of errors of law raised and pointed out by exceptions taken by the defendant during the trial of the action, and upon them the new trial was granted (*Allen v. Corn Exchange Bank,* 181 N. Y. 278), and to them our review is limited. (*Wangner v. Grimm,* 169 N. Y. 421.)

The defendant waived by introducing evidence in the defense the exception taken by it to the refusal of the court to dismiss the complaint at the close of plaintiff's evidence in chief. (*Bopp v. New York Electric Vehicle Transportation Co.,* 177 N. Y. 33.)

The motion of defendant at the close of the entire evidence to dismiss the complaint was upon the grounds "that no cause of action has been proven against this defendant, the particular defect in the proof being that the plaintiff has failed to prove title to the entire proceeds of the check, and the immediate right to the possession to the check and the entire proceeds on May 14, 1907." Such being its grounds it was equivalent to and may be treated as a motion for a nonsuit. In an action at law, after the parties have had the opportunity of exhausting their evidence and have rested, the motion to dismiss the complaint is improper, and when used by a defendant must be deemed, as its form and grounds indicate the intention of counsel, a motion for a nonsuit or a direction of a verdict. (*Wheeler* v. *Ruckman*, 51 N. Y. 391; *Dillon* v. *Cockcroft*, 90 N. Y. 649.) The exception of the defendant to the denial of the motion that the plaintiff be nonsuited raised the question whether, admitting all the facts presented and giving to the plaintiff the advantage of every inference that could properly be drawn from them, there was any evidence to support the plaintiff's cause of action, and its consideration necessitates the statement of the following facts: In April, 1907, the plaintiff, a resident of New York city, owned the properties known as numbers 218 and 220 West Twenty-first street in New York city. A mortgage thereon was in process of foreclosure, and it came to pass that Hoyt, who through the fifteen years last prior had been a friend of the plaintiff and was a clerk in the office of a dealer in real estate, undertook to aid her. To that end he obtained from her on April 25, 1907, an instrument in writing reading as follows:

"*Apr.* 25, 1907.

"For and in consideration of one dollar, to me in hand paid, the receipt whereof is hereby acknowledged, I, Julia W. Porges, individually and as Executrix of the late John H. Porges, do hereby authorize Adelbert E.

Hoyt to dispose of my property No. 218 and 220 West 21st Street, Borough of Manhattan, City of New York, at such price and under such conditions as he may see fit and to accept either cash or other property, or both, and take any property subject to existing encumbrances (if any) on said property so taken in exchange, and I hereby give to said Hoyt my full power of attorney to sign contracts and to execute any and all papers in connection therewith and also full authority to sign, sell and manage any property so accepted in exchange and to pay out any necessary money in settlement of interest, taxes, water, salaries or other bills or court costs and commissions for the sale of any of the said properties, the same as if I did so myself, it being understood that the said 21st Street property is now under foreclosure, and money must be paid in settlement in order to deliver deed of same, and that I shall lose my entire equity in same unless said Hoyt can effect some sale or exchange whereby some benefit may accrue, and therefore I give unconditional and unlimited authority to him to do anything he deems advisable with said property, and any money that must be paid in excess of what may or may not be received in said transaction I will pay to him in case when called upon without accounting or defense of any character.

"JULIA W. PORGES."

On May 10, 1907, Hoyt, acting in behalf of the plaintiff under this power of attorney, and Alexander D. Duff and J. L. Van Sant executed an exchange of properties and as a part of that transaction there was delivered to Hoyt in payment of the excess value of the plaintiff's properties two checks, the one for $2,772.83 payable to the order of the plaintiff or Hoyt; the other, the check already described. The record contains other facts proving spoliations of plaintiff by Hoyt through deceit and dishonesty, but none opposing or inconsistent with the decision we are about to make.

The title to and ownership of the check passed to the plaintiff by the indorsement of Van Sant and his delivery of it to Hoyt. Hoyt received and held it as her agent under the provisions of the power of attorney which has been set forth at length. The acceptance, control and collection of the check by the defendant was a wrongful conversion of it, unless directed or authorized by the plaintiff, or in more direct words, unless the power of attorney empowered Hoyt to place upon it the indorsement of the plaintiff and deposit it to his credit with the defendant. It is a general rule that every species of personal property subject to private ownership is susceptible of conversion. (*Davis* v. *Funk,* 39 Penn. St. 243.) Equally clear it is that the defendant did, by receiving the check for the credit of Hoyt and collecting and receiving its proceeds, convert the check, unless the acts of Hoyt in relation to it were within his agency. (*Robinson* v. *Chemical National Bank,* 86 N. Y. 404; *Graves* v. *American Exchange Bank,* 17 N. Y. 205; *Colson* v. *Arnot,* 57 N. Y. 253.) His rightful dominion over it was created and defined by the contents of the power of attorney. No fact or condition modifying or changing any effect of it arose or existed between the plaintiff and the defendant or between Hoyt and the defendant, and the defendant, in order to legalize and justify its treatment of the check, must establish that Hoyt kept within the authority it contained.

The power of attorney, like any other contract, is to be construed according to the natural meaning of the words in view of the purpose of the agency and the needs to its fulfillment. The authority within it under such construction is not to be broadened or extended and the sole right of a court is to ascertain, through the rule stated, and apply the authority. The extent to which a principal shall authorize his agent is completely within his determination, and a party dealing with the agent must ascertain the scope and reach of the powers dele-

gated to him and must abide by the consequences if he transcends them.   (*Craighead* v. *Peterson,* 72 N. Y. 279.)

The power of attorney in question, put forward by the defendant as the source of adequate authority to Hoyt and the defendant to make the disposition of the check which was in fact made, lacks · substantially that vigor or effect.   The record presents conspicuously two reasons for this conclusion.   *First.*  The evidence is barren of any proof that the sale or exchange of the plaintiff's property, 218 and 220 West 21st street, or the payment by Hoyt of any money in settlement of any of the charges or liabilities named in the power of attorney, or the accomplishment of any act authorized by it necessitated the indorsement and transfer of the check; or yielding to the defendant the uttermost vantage ground claimable by it under the record, whether the indorsement and transfer were necessitated by the acts authorized to Hoyt was a question of fact.   Express authority to Hoyt to make the plaintiff an indorser of this check the power of attorney did not give.   If he possessed it, it inhered in the authority expressly given to do other acts, and this it did not do unless it was reasonably necessary to effectuate the objects of the agency, and, therefore, within the intent of the plaintiff; and it must appear clearly that the accomplishment of the acts expressly authorized required the exercise of the authority to indorse.   The express authority to receive negotiable paper does not imply the power to indorse it.   (*Holtsinger* v. *National Corn Exchange Bank,* 1 Sweeny, 64; affirmed by the Court of Appeals, 3 Alb. L. J. 305; *National City Bank of Brooklyn* v. *Westcott,* 118 N. Y. 468; *Rossiter* v. *Rossiter,* 8 Wend. 494; *Filley* v. *Gilman,* 2 J. & S. 339; *Jackson Paper Mfg. Co.* v. *Commercial Nat. Bank,* 199 Ill. 151.)   In *Robinson* v. *Chemical National Bank* (86 N. Y. 404), EARL, J., after citing authorities, said: "The rule as derived from these authorities is well expressed by Prof. Parsons, as follows: 'An agent's acts in making or transferring negotiable

paper (especially if by indorsement) are much restrained. It seems that they can be authorized only by express and direct authority, or by some express power which necessarily implies these acts, because the power cannot be executed without them.'" (p. 407.) As already stated, proof that the indorsement of the check was essential to the execution of the power of attorney in any of its purposes is wholly lacking. *Second.* Hoyt and the defendant applied and appropriated the check to the use of Hoyt. Conceding to Hoyt the power, under the instrument, to indorse the check in the name and behalf of plaintiff, his indorsement thereof for his personal use and gain was not within that power. If the power of attorney, invoked by defendant, did establish the power and right of Hoyt to effect plaintiff's indorsement of the check, it established at the same time that the depositing of it in and the receipt of it by the defendant for the credit and account of Hoyt exceeded his agency and authority. A power to act for another, however general its terms, or wide its scope, presupposes integrity and faithfulness in its exercise and cannot be enlarged by implication or construction to the justification of a diversion to the use of the agent of moneys or property subject to the agency. Manifestly this instrument did not transfer to Hoyt the ownership of the property to which it related. By virtue of it Hoyt was the plaintiff's attorney or agent with the powers it contained and for the purposes it prescribed. The law will not permit an attorney or agent under color of the authority bestowed by his principal to apply the property of that principal to his own use. That is a breach of trust which a court will not sanction or tolerate. (*Robinson* v. *Chemical National Bank*, 86 N. Y. 404; *Wright* v. *Cabot*, 89 N. Y. 570; *Kern's Estate, Gilpin's Appeal*, 176 Penn. St. 373.)

The defendant contends that it was a mere agency or conduit through which Van Sant paid Hoyt the cash which Hoyt might rightfully receive. Without consider-

ing to any extent the effect of such assertion were it true, it is a sufficient answer that the fact is otherwise.   The defendant was not the drawee named in or did not pay the check.   It received payment of it from the Chatham National Bank.   The transaction was the transfer, in form, to the defendant of the check as an instrument for the payment of money, through and by virtue of the indorsement of the plaintiff, imposing upon her the liabilities and obligations inherent in that contract, not in behalf of the plaintiff or for her benefit or advantage, but for that of Hoyt.

The question of the ratification by the plaintiff of the transaction between Hoyt and the defendant is not considered by us because, if involved, it was under the evidence one of fact.   The trial court did not err in denying the motion for the dismissal of the complaint.   We think, after examination, that none other of the exceptions of defendant merits discussion.

The order of the Appellate Division and judgment entered thereon should be reversed and the judgment of the Trial Term affirmed, with costs in both courts.

CULLEN, Ch. J., GRAY, VANN, HISCOCK and CHASE, JJ., concur; WILLARD BARTLETT, J., dissents.

Order reversed, etc.