## EVERDELL v. CARRINGTON.

(Supreme Court, Appellate Division, First Department. January 3, 1913.)

1. PRINCIPAL AND AGENT (§ 154*)—ABUSE OF AUTHORITY—REMEDY OF PRINCIPAL.

Where defendant's lease of premises from plaintiff's agent only required defendant to pay rent on the last day of each month, plaintiff could recover from defendant the amount of rent paid to the agent in advance under a subsequent agreement with him, made by the agent without authority, with interest thereon.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 572, 573; Dec. Dig. § 154.*]

2. PRINCIPAL AND AGENT (§ 100*)—AUTHORITY.

Authority given an agent merely to execute a lease did not authorize him to thereafter change its terms.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 262–273, 345, 364, 368–373; Dec. Dig. § 100.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. PRINCIPAL AND AGENT (§ 147*)—AUTHORITY—NOTICE.

One dealing with an agent must ascertain the extent of his powers and bear any loss from his failure to do so.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 528–533; Dec. Dig. § 147.*]

4. PRINCIPAL AND AGENT (§ 106*)—AUTHORITY.

An agent, who merely had authority to execute a lease and receive rent at the end of the month as provided therein, had no implied authority to receive payment in advance.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 311, 312; Dec. Dig. § 106.*]

5. PRINCIPAL AND AGENT (§ 120*)—AUTHORITY OF AGENT—EVIDENCE.

An agent's authority to receive payment of rent in advance for his principal's property could not be proved by showing prior similar payments to him, unless it were shown that the principal had knowledge of such prior payment.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 402–412; Dec. Dig. § 120.*]

Action by Henry C. Everdell against William T. Carrington. On submitted controversy. Judgment for plaintiff.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Julian T. Davies, Jr., of New York City, for plaintiff.
Nicholas Danforth, of New York City, for defendant.

McLAUGHLIN, J. The plaintiff's assignor, one Kate Reed, has a 99-year lease, with the right to sublet, of an apartment in a building owned by a corporation. For some time prior to July, 1904, and continuously thereafter until about May 17, 1910, one John Cleary was the manager and superintendent of, and had his office in, the building, and in such capacity was in the employ of the corporation, having general charge of all parts of the building, except such apartments therein as were held under 99-year leases, of which there were several. Each lessee of an apartment under a 99-year lease had the entire and exclusive control over his particular apartment; but a number of them, including Mrs. Reed, turned over to Cleary, while acting as manager and superintendent of the corporation, the renting of their respective apartments, and in doing so he acted as their agent, and not for the corporation. On the 26th of March, 1907, Cleary, acting as the agent of Mrs. Reed, who lived in Montreal, leased to the defendant her apartment for a term of three years from the 1st of October, 1907, at an annual rental of $4,000 per year. The lease was in writing, and provided that the rent stipulated to be paid should be—

"payable in equal monthly installments on the last day of each month until the expiration of said term at the office of the party hereto of the first part [John Cleary, as agent of Kate Reed], No. 121 Madison avenue, in the said city of New York, and said tenant hereby agrees to pay said rent at the times and in the manner hereinabove provided."

Cleary was dismissed from the service of the corporation on the 17th of May, 1910, and some time between that date and the ex-

piration of the lease Mrs. Reed learned for the first time that Cleary had collected in advance from the defendant the rent, which he had not turned over to her, for the months of December, 1909, and January, February, March, April, May, and June, 1910, amounting in all to $2,333.33. This sum has not been paid to her, or her assignee, although the same was demanded from the defendant prior to this submission.

The payment of the rent in advance was brought about, without the knowledge of Mrs. Reed, by Cleary's giving to the defendant certain discounts upon advance payments. The defendant, in accepting the discount and making the advance payments, acted in good faith, but without any inquiry, except from Cleary, to ascertain the latter's authority. The question submitted for decision is whether the plaintiff is entitled to recover from the defendant the advance payments of rent above stated, together with interest from the time the several installments fell due, or whether the payment by defendant to Cleary relieves him from any further payment.

[1, 2] I am of the opinion that the plaintiff is entitled to recover. Cleary had no real or apparent authority from Mrs. Reed to discount or accept payment of any installment before it became due. The defendant knew the terms of the lease, and that it provided for the payment of the monthly installments on the last day of each month, and in the lease he agreed to pay the rent "at the times and in the manner hereinabove provided." The fact that Cleary had executed the lease as agent for Mrs. Reed conferred upon him no authority to thereafter change its terms. As was said in Smith v. Kidd, 68 N. Y. 130, 23 Am. Rep. 157:

"No authority to change the terms of the contract can be implied from the fact that it was originally made through the attorney, and there is no evidence in this case of any such authority."

[3] The defendant, as said, knew the terms of the lease, and when he paid in a manner different from therein provided he was bound to know the authority of Cleary to receive the sum paid; otherwise, he paid at his peril. The general rule is that a party dealing with an agent must ascertain the extent of the powers delegated to him, and "must abide by the consequences if he transcends them." Porges v. U. S. Mortgage & Trust Co., 203 N. Y. 181, 96 N. E. 424; Craighead v. Peterson, 72 N. Y. 279, 28 Am. Rep. 150.

[4] While Cleary had authority to execute the lease and receive payment of the rent in the manner therein provided, he had no actual or implied authority to receive it in advance at any other time or manner than as stated in the lease. Story on Agency (9th Ed.) § 98; Clark & Skyles on Agency, § 277. The court, speaking of advance payments to an agent, in Doubleday v. Kress, 50 N. Y. 410, 10 Am. Rep. 502, said:

"Nor can the agent receive pay otherwise than according to the terms of the obligation. If the debtor pay before due the principal, the payee is not bound."

And in Smith v. Kidd, supra:

"Even though an agent have authority to receive payment of an obligation, this does not authorize him to receive it before it is due."

See, also, Schermerhorn v. Farley, 58 Hun, 663, 11 N. Y. Supp. 466.

[5] Cleary's authority to receive the payments in question, of course, could not be established by showing prior similar transactions, without showing that Mrs. Reed had knowledge of them. Bickford v. Menier, 107 N. Y. 490, 14 N. E. 438; Baldwin v. Burrows, 47 N. Y. 199.

My conclusion, therefore, is that the plaintiff is entitled to judgment against the defendant for the sum of $2,333.33, being the rent for the months of December, 1909, January, February, March, April, May, and June, 1910, together with interest on each installment from the time the same became due. All concur.