In the Matter of the Estate of LOUISE V. WELTON, Deceased.

Surrogate's Court, Kings County, May 31, 1932.

*Robert K. Story, Jr.,* for the administrators.

*Frederick W. McGowan,* for the National Surety Company.

WINGATE, S. This is a further proceeding growing out of the former decision of this court (141 Misc. 674) in which the administrators of the estate are seeking to hold the surety on their bond for the alleged diversion of certain funds of the estate by an employee of the surety company.

The facts of the transaction as they were made to appear on the hearing, were that the administrators attempted to perform their duties without advice of counsel. One Frances Stewart was thought to be a distributee of the estate to the extent of approximately $7,000. Two checks were signed by the administrators, the one payable to her individually in the sum of $5,000, and the other to the order of John Beilman, " atty." Both of these checks were delivered to Beilman by the administrators, their idea apparently being that Beilman, who was an employee of the surety company, should attempt to bargain with the distributee and obtain a rebate of some portion of the amount believed to be due her, using the $2,000 check for this purpose.

The only testimony adduced in this connection was that of one of the administrators who proved to be an extremely unreliable and untruthful witness. In the course of his testimony he repeatedly stated that both of the checks were made payable to the alleged distributee as an individual. This testimony was elicited at a time when he believed the checks to be lost. He was, however, later confronted by them at which time it was disclosed that the second check was drawn to Beilman as attorney, and showed not the slightest sign of erasure or alteration. The $5,000 check was duly delivered to the representative of the distributee, but the proceeds of the check to Beilman appear to have been diverted.

The only testimony respecting Beilman's authority as an employee of the surety came from the unreliable testimony of this administrator and demonstrated nothing beyond the fact that he was authorized to write administration bonds and countersign checks for valid obligations of the estate when duly signed by a fiduciary.

It is primary that any person dealing with an agent is bound, at his peril, to ascertain the limits of the agent's authority beyond which the principal will not be held liable. As is said by the Court of Appeals in *Porges* v. *United States Mortgage & Trust Co.* (203 N. Y. 181, at p. 188): " The extent to which a principal shall

authorize his agent is completely within his determination, and a party dealing with the agent must ascertain the scope and reach of the powers delegated to him and must abide by the consequences if he transcends them. (*Craighead* v. *Peterson,* 72 N. Y. 279.) " (See, also, *Edwards* v. *Dooley,* 120 N. Y. 540, 551; *Deyo* v. *Hudson,* 225 id. 602, 613; *Everdell* v. *Carrington,* 154 App. Div. 500, 502.)

It is, of course, true that where the principal clothes the agent with apparent authority to do a certain act, he will be held responsible to the extent of such appearance, but this is not extended beyond the strict letter of the apparent power for which the principal himself is responsible, and will not include additional acts or representations made by the agent in excess thereof. (*Edwards* v. *Dooley, supra; Churchill Grain & Seed Co., Inc.,* v. *Buchman,* 204 App. Div. 30, 33; *Wells* v. *Chaffee,* 207 id. 467, 469.)

In the case at bar it is entirely apparent that the acts done by Beilman in this connection were purely in the capacity of an agent for the administrators and were not within the scope of his apparent powers as an employee of the surety company. He was delegated by the administrators as their attorney in fact, if not attorney in law. He was authorized by them to negotiate with the alleged distributee solely as their agent in an effort to effect a settlement with her for a sum less than that to which it was believed she was entitled. It was in such capacity that the $2,000 check was turned over to him, and any acts done by him in such an employment could by no stretch of the imagination be construed as being in the course of his employment by the surety company. The latter is, therefore, not liable in this regard.

The proceeding against the surety is dismissed, with costs.

Proceed accordingly.