(65 App. Div. 212.)

### BRADY v. MT. MORRIS BANK.

(Supreme Court, Appellate Division, First Department. November 8, 1901.)

**1. PLEDGE—CERTIFICATE OF STOCK—ASSIGNMENT IN BLANK.**

Where a cashier obtained a loan from the bank, giving as security a certificate of stock indorsed in blank by the owner, without any notice to the bank of defect in the title of the cashier to the stock, it obtained a good title as against the person to whom the certificate was originally issued, and who had lost the same.

**2. SAME—KNOWLEDGE OF PLEDGEE.**

Where a cashier of a bank pledges a certificate of stock indorsed in blank to secure a loan to him, the bank was not chargeable with the knowledge of the cashier that he had no authority to pledge such stock.

Appeal from trial term, New York county.

Action by Edward B. Brady against the Mt. Morris Bank. Judgment for defendant, and plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Charles De Hart Brower, for appellant.

John A. Garver, for respondent.

HATCH, J.   This action was brought to recover possession of a certificate for 30 shares of the capital stock of the East River Mill & Lumber Company, which was issued to one Homer J. Beaudet on August 28, 1889, and indorsed by him in blank on January 7, 1891. The plaintiff has never had possession of the certificate, but claims title or the right of possession by virtue of an instrument executed by Mr. Beaudet, dated May 29, 1896, which purports to assign the certificate to the plaintiff as collateral security for a debt. It is averred in the complaint that the certificate was lost by Mr. Beaudet about August 1, 1893, and that it came into the possession of the bank about May 25, 1896. In its answer the bank avers that it came into possession of the certificate on January 17, 1893, six months before the alleged loss by Beaudet, as security for a loan which it made on that day to Thomas W. Robinson, its cashier, without notice that the certificate did not belong to Robinson, or that Beaudet had any interest in it. It is evident that, if the bank obtained the certificate from Robinson without notice of any infirmity in his title, and Robinson had become possessed of it lawfully, he could pledge it to the bank; and the bank, under such circumstances, would get good title thereto as against Beaudet or his assignee. McNeil v. Bank, 46 N. Y. 325, 7 Am. Rep. 341. Knowledge upon Robinson's part that he was without authority to pledge the stock would not operate to charge the defendant with such knowledge. In the matter of the loan to Robinson, for which the certificate was pledged as security, he was acting in his own interest, and not in the interest of the bank, but adverse to it. Under such circumstances, the knowledge of Robinson, although the cashier of the bank, was not the latter's knowledge, for the reason that in this transaction Robinson was not its agent. Bank v. Neass, 5 Denio, 329; Mayor, etc., of City of New York v. Tenth Nat. Bank, 111 N. Y. 446, 18 N. E. 618; Bank v.

Cornen, 37 N. Y. 320, 93 Am. Dec. 573. It follows, therefore, that the real question which this appeal presents is one of fact. If, as claimed by the plaintiff, the certificate was left with the bank by Beaudet for the purpose of procuring a loan, which was refused, and the certificate retained, the defendant would have no title thereto. Such is the claim of the plaintiff, and his evidence tended to establish the claim. Upon the part of the defendant the evidence tended to establish, and the jury were authorized to find, that the certificate of stock was in the possession of Robinson some six months prior to the time when Beaudet claims to have delivered it to the president of the bank, and the stock was in fact pledged to the bank at that time. It also appears that Robinson and Beaudet had dealings as early as October, 1892, and that Robinson had discounted certain notes for Beaudet, which the latter never paid, and which, so far as appears, are still due and owing. The loan to Robinson was in January, about three months after the discount of the notes for Beaudet. The president of the bank testified that Beaudet delivered this certificate of stock to Robinson, but for what purpose he did not know. Upon this testimony we think it became a fair question for the jury, upon which they were justified in drawing the inference that Beaudet left the stock with Robinson, either as security or for the purpose of use in connection with the note transaction discounted by Robinson for him. Robinson is now dead. His mouth is closed, and only the transaction itself and the date appear. The court submitted these questions with fairness and impartiality, and, upon request of the plaintiff, charged that the defendant was not entitled to a verdict unless the jury were satisfied that the stock came into the possession of Robinson with the consent of Beaudet. This was as strong in favor of the plaintiff as he was entitled to ask. A verdict in favor of the defendant upon this testimony cannot be said to be without evidence to sustain it, or against the weight of evidence. No errors were committed upon the trial which prejudiced the plaintiff. It was competent to show Beaudet's financial condition as bearing upon his credibility and the probability of his claim. It follows that the judgment and order should be affirmed, with costs to the respondent.

Judgment and order affirmed, with costs. All concur.